UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE GAMACHE,

    Plaintiff,

 v.

EDWARD BYLSMA, et al.,

    Defendants.

CASE NO. C15-5154 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, ISSUING *RAND* NOTICE, AND RENOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  This matter comes before the Court on Defendants Edward Bylsma, Robin Yakhour, Craig Randall, Russ Bradseth, Barry Folsom, John Doe, Richard/Rachel Roe(s), and Clark County's (collectively "Defendants") motion for summary judgment (Dkt. 14).[1] The Court has considered the pleadings and the remainder of the file and hereby rules as follows:

---

[1] As explained in greater detail below, the Court construes Defendants' motion in part as a motion to dismiss and in part as a motion for summary judgment.

# I. PROCEDURAL HISTORY

On March 13, 2015, pro se Plaintiff Christine Gamache ("Gamache") filed a 42 U.S.C. § 1983 complaint against Defendants. Dkt. 1 ("Comp."). Gamache alleges violations of her First, Fourth, Fifth, Sixth, and Eighth Amendment rights. *Id.* ¶¶ 47, 50. Gamache also brings § 1983 claims for malicious prosecution, wrongful arrest, conspiracy, negligence, and municipal liability. *Id.* ¶¶ 14–52. Finally, Gamache alleges state law claims for criminal trespass, assault and battery, false imprisonment, burglary, armed robbery, menacing, negligence, and gross negligence. *Id.* ¶ 54.

On August 28, 2015, Defendants filed a motion for summary judgment. Dkt. 14. Gamache did not file a response.

# II. FACTUAL BACKGROUND

Gamache claims that Defendants violated her constitutional rights while effectuating her arrests on January 8, 2013 and July 16, 2013. Gamache's complaint alleges the following:

**A.  January 8, 2013 Arrest**

On January 7, 2013, Officer Edward Bylsma ("Officer Bylsma") contacted Gamache by phone about a dispute Gamache was having with another individual about a dog. Comp. ¶ 14. Officer Bylsma told Gamache she would be "put in jail" if she did not agree to relinquish the dog. *Id.*

The next morning, Officer Bylsma and Officers Robin Yakhour ("Officer Yakhour") and Roe No. 1 ("Officer Roe No. 1") came to Gamache's house. *Id.* ¶ 16. Gamache alleges that the officers entered her property without a warrant, probable cause,

or exigent circumstances. *Id.* ¶ 18. The officers pounded loudly on the front windows of Gamache's home. *Id.* Gamache answered the front door in a small nightgown. *Id.* ¶ 19. Officer Bylsma said he was there for the dog. *Id.* Gamache tried to explain that she had proof of ownership for the dog, and provided those documents to Officer Bylsma. *Id.* ¶ 20. Officer Bylsma threw the documents on the ground without reading them, and told Gamache that she would be taken to jail if she did not give him the dog. *Id.*

Officer Bylsma seized Gamache's left wrist and proceeded to handcuff her. *Id.* ¶ 22. Officer Bylsma refused Gamache's request to put clothing on and to have a female officer handle her. *Id.* ¶ 23. Officer Bylsma wrenched the handcuffs on Gamache and shoved Gamache down her driveway and into a patrol car. *Id.* ¶¶ 22, 25.

Officer Yakhour entered Gamache's home and removed the dog from Gamache's property. *Id.* ¶ 27. Prior to leaving the premises, Officer Yakhour obtained a set of pajama bottoms from Gamache's bedroom. *Id.* ¶ 28. Officer Yakhour gave the pajama bottoms to Officer Roe No. 1, who leaned into the patrol car and pulled the pajama bottoms onto Gamache, who was handcuffed, not wearing underwear, and in full view of Officer Bylsma. *Id.*

Officer Bylsma read Gamache her *Miranda* rights and then transported her to Clark County Jail for booking. *Id.* ¶¶ 29–30. After being booked, Gamache complained of a painful hematoma on her wrist and was offered ice as a treatment. *Id.* ¶ 30. Gamache remained in the holding cell for approximately eight hours. *Id.* ¶ 31. At a subsequent court hearing, Gamache provided documentation of her right of possession to the dog and the charges against Gamache were dismissed by the court. *Id.* ¶ 32.


1   Gamache made a formal disciplinary complaint regarding Officers Bylsma and
2   Yakhour's actions with the Clark County Sheriff's Office. *Id.* ¶ 33. Immediately
3   following her complaint, Gamache alleges she became the subject of a pattern of
4   harassment by Clark County police officers, including telephone calls requesting personal
5   information, drive-by incidents, and attempts to reinstate the previously-dismissed
6   charges. *Id.* ¶ 34.

7   **B.    July 16, 2013 Arrest**

8   On July 16, 2013, Officer Yakhour and Officers Craig Randall ("Officer
9   Randall"), Russ Bradseth ("Officer Bradseth"), Barry Folsom ("Officer Folsom"), and
10  John Doe ("Officer Doe") came to Gamache's residence. *Id.* ¶ 35. Gamache alleges the
11  officers entered her home without a valid warrant. *Id.* ¶¶ 35–37. In the process of doing
12  so, the officers damaged and destroyed property in Gamache's house. *Id.* ¶ 38. Gamache
13  sustained injuries to her wrist, back, neck, leg, and hip. *Id.* ¶ 39. The officers seized her
14  computers and electronic devices. *Id.* ¶ 42. A warrant was left behind on the floor after
15  the officers' departure. *Id.* ¶ 43. Gamache was taken into custody and transported to the
16  Clark County Jail, where she remained overnight. *Id.* ¶ 44. The charges against
17  Gamache were later dismissed with prejudice at trial. *Id.* ¶ 45.

18                                **III. DISCUSSION**

19  As a preliminary matter, Defendants' motion is internally inconsistent.
20  Defendants present their motion as one for summary judgment. *See* Dkt. 14. To that end,
21  Defendants include the applicable standard of review under Federal Rule of Civil
22  Procedure 56, and submit evidence in support of their qualified immunity arguments. *See*

*id.* at 6, 16–18; Dkt. 15, Declaration of Nicole Davis, Exs. A–J. Defendants' motion, however, also includes arguments that Gamache's complaint should be dismissed because she has failed to properly serve Defendants and has failed to state a claim upon which relief may be granted. *See* Dkt. 14 at 7–12. These arguments are properly raised on a Rule 12(b) motion to dismiss. *See* Fed. R. Civ. P. 12(b)(5), (6). Defendants also request that the Court stay discovery in this matter "until the Court resolves the Defendants' motion to dismiss."[2] Dkt. 14 at 19.

In light of these inconsistencies, the Court will treat Defendants' motion in part as a motion to dismiss for insufficient service of process and failure to state a claim, and in part as a motion for summary judgment on qualified immunity.

**A.    Motion to Dismiss**

Defendants seek dismissal of Gamache's complaint for insufficient service of process and failure to state a claim. Dkt. 14.

**1.    Insufficient Service of Process**

Defendants first argue that Gamache's complaint should be dismissed because she has failed to properly serve Defendants. *Id.* at 6–7. Rule 4 requires a plaintiff to serve a summons and copy of the complaint on a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). When a defendant challenges service of process, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

---

[2] Because the Court resolves Defendants' motion to dismiss in this order, the Court denies this request as moot.

Here, it is undisputed that Gamache has failed to properly serve Defendants within 120 days of filing her complaint. With regard to the individual Defendants, Gamache attempted to effect service by serving the receptionist for the Clark County Prosecutor's Office with copies of the summons and complaint. *See* Dkts. 8–13. Rule 4(e), however, requires service on an individual by following state law, or by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling, or delivering a copy of each to an agent appointed by law to receive service on behalf of the individual. Fed. R. Civ. P. 4(e). With regard to Clark County, Gamache has not demonstrated that she effected service on Clark County's chief executive officer or in a manner provided by state law. *See* Fed. R. Civ. P. 4(j)(2).

Although Gamache has not properly served Defendants, failure to adhere to Rule 4 does not require automatic dismissal. The Court has discretion whether to dismiss an action for insufficient service or quash service and allow another opportunity to perfect service. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). In the exercise of its discretion, the Court will allow Gamache another opportunity to perfect service in this case. The Court therefore denies Defendants' motion based on insufficient service of process.

**2.    Failure to State a Claim**

Defendants also argue that Gamache has failed to state a cognizable § 1983 claim. Dkt. 14 at 10–12. Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Here, Gamache alleges violations of her First, Fourth, Fifth, Sixth, and Eighth Amendment rights. Comp. ¶¶ 47, 50. Gamache also brings § 1983 claims for malicious prosecution, wrongful arrest, conspiracy, negligence, and municipal liability. *Id.* ¶¶ 14–52.

Defendants argue that Gamache has failed to state a § 1983 claim for violations of the First, Fifth, Sixth, and Eighth Amendments, as well as for malicious prosecution. Dkt. 14 at 11–12, 15. Defendants also contend that Gamache has failed to allege the personal participation of Officers Randall, Bradseth, Folsom, Doe, Roe(s), and Clark County. *Id.* at 15.

      **a.    First Amendment**

Construing Gamache's pro se complaint liberally, Gamache's First Amendment claim appears to be based on the theory that Defendants took retaliatory action against her. *See* Comp. ¶¶ 33–35. To state a § 1983 claim for retaliation in violation of the First

Amendment, Gamache must allege that: (1) she engaged in a constitutionally protected activity; (2) as a result of that activity, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). Gamache has failed to allege sufficient facts to support each of these elements. The Court therefore dismisses this claim without prejudice.

### b.  Fifth Amendment

The Fifth Amendment only applies to the federal government, not to state or local actors. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Gamache asserts claims against Clark County police officers and Clark County, a local government. *See* Comp. ¶¶ 4–12. Because Defendants are not federal actors, the Court dismisses this claim with prejudice.

### c.  Sixth Amendment

Under the Sixth Amendment, an accused in a criminal prosecution is entitled to a speedy trial, an impartial jury, notice of the accusations, the ability to call and confront witnesses, and the assistance of counsel in her defense. U.S. Const. amend. VI. "These fundamental rights are extended to a defendant in a state criminal prosecution through the Fourteenth Amendment." *Herring v. New York*, 422 U.S. 853, 857 (1975). Gamache's complaint does not include any factual allegations indicating that her Sixth Amendment rights were violated. The Court dismisses this claim without prejudice.

### d. Eighth Amendment

"The Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence.'"[3] *Lee*, 250 F.3d at 686 (quoting *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989)). Pretrial detainees are not convicted prisoners. *Id.* Based on the allegations in Gamache's complaint, Gamache was not convicted of a crime. Comp. ¶¶ 32, 45. Accordingly, the Eighth Amendment does not apply and the Court dismisses this claim with prejudice.

### e. Malicious Prosecution

"To maintain a § 1983 action for malicious prosecution, a plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her a specific constitutional right." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (internal quotation marks omitted). Defendants argue that Gamache has not named any Clark County Prosecutor in her complaint, and thus her malicious prosecution claim should be dismissed. Dkt. 14 at 15. This argument is unavailing. "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Here, Gamache brings her malicious prosecution claim against Clark County police officers who allegedly caused her wrongful prosecution. *See* Comp. ¶¶ 14–45. The Court denies Defendants' motion on this ground.

---

[3] The rights of pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment. *Lee*, 250 F.3d at 686.

### f. Personal Participation

Defendants argue that Gamache has failed to allege the personal participation of Officers Randall, Bradseth, Folsom, Doe, and Roe(s). Dkt. 14 at 15. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Gamache's complaint includes sufficient allegations regarding Officer Roe No. 1's personal participation. Comp. ¶¶ 16–18, 28. For example, Gamache alleges that Officer Roe No. 1 entered her property without a warrant, probable cause, or exigent circumstances on January 8, 2013. *Id.* ¶¶ 16–18. She further alleges that Officer Roe No. 1 pulled pajama bottoms onto her, while she was handcuffed in the patrol car, not wearing underwear, and in full view of Officer Bylsma. *Id.* However, to the extent that Gamache brings claims against Roes No. 2 through 5, *see id.* ¶ 11, Gamache has failed to allege how those Defendants personally participated in the acts alleged in her complaint.

Gamache's complaint also contains sufficient allegations regarding Officers Randall, Bradseth, Folsom, and Doe's personal participation. *Id.* ¶¶ 35, 37–42. For example, Gamache alleges that Officers Randall, Bradseth, Folsom, and Doe entered her home without a warrant on July 16, 2013. *Id.* ¶¶ 35, 37. Gamache further alleges that Officers Randall, Bradseth, Folsom, and Doe damaged property in her residence, and caused her mental anguish and injuries. *Id.* ¶ 39. The Court denies Defendants' motion on this ground.

### g.   Municipal Liability

Finally, Defendants argue that Gamache has failed to sufficiently allege Clark County's involvement.  Dkt. 14 at 15.  "While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations."  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013).  To state a § 1983 claim for municipal liability, a plaintiff must allege that the entity itself caused the violation through a constitutionally deficient policy, practice or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In her complaint, Gamache alleges that Clark County failed to adequately train, supervise, and discipline the individual Defendants, and that this failure directly caused her injuries.  Comp. ¶ 46.  To state a claim for failure to train, a plaintiff must allege: (1) the existing training program is inadequate in relation to the tasks the particular officers must perform; (2) the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact; and (3) the inadequacy of the training actually caused the deprivation of the alleged constitutional right.  *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).  Gamache has failed to allege sufficient facts to support each of these elements.  The Court dismisses this claim without prejudice.

### h.   Leave to Amend

Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  On a Rule 12(b)(6) motion, "a

district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, the Court finds that Gamache's Fifth and Eighth Amendment claims cannot be cured by any amendment. However, it appears possible that Gamache could cure the defects in her First and Sixth Amendment claims by providing more specific allegations. It also appears that Gamache could provide more specific allegations to support her municipal liability claim. The Court therefore grants Gamache leave to amend those claims. The Court also grants Gamache leave to include specific allegations regarding Defendants Roes No. 2 through 5's personal participation.

**B.      Motion for Summary Judgment**

Defendants move for summary judgment on the issue of qualified immunity, arguing that Defendants had probable cause to arrest Gamache and did not violate any clearly established law. Dkt. 14 at 12–18. Defendants' motion was noted for consideration on September 25, 2015, but Gamache did not file a response. Because Gamache is proceeding pro se, the Court will allow Gamache the opportunity to respond. Gamache is notified that under Local Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules, W.D. Wash. LCR 7(b)(2).

When a party files a motion for summary judgment pursuant to Rule 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. Here, Defendants

have filed a motion for summary judgment seeking to have this case dismissed. Dkt. 14. Gamache is notified that if summary judgment is granted under Rule 56, her case will end.

Rule 56 tells Gamache what she must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end the plaintiff's case. When a party Gamache is suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Gamache cannot simply rely on the assertions contained in her complaint. Instead, Gamache must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If Gamache does not submit her own evidence in opposition, then summary judgment, if appropriate, will be entered against her. If summary judgment is granted, Gamache's case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Defendants' motion for summary judgment is renoted for consideration on the Court's November 20, 2015 calendar. Gamache may file a response to the motion for summary judgment, including declarations, depositions, answers to interrogatories, or authenticated documents, no later than November 16, 2015, and shall provide a copy of any such response to Defendants' counsel by that date. If Gamache does not file a

1  response providing the appropriate documentation as described above, judgment may be

2  granted in Defendants' favor.  If judgment is granted in Defendants' favor, the case will

3  be dismissed and there will be no trial.  Counsel for Defendants may file a reply to a

4  response by November 20, 2015.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss for insufficient service of process (Dkt. 14) is **DENIED**.  Gamache shall effect service on Defendants within sixty days from the entry of this order.  Failure to effect proper service within sixty days will result in dismissal without prejudice for failure to prosecute.

Defendants' motion to dismiss for failure to state a claim (Dkt. 14) is **GRANTED in part** and **DENIED in part** as stated herein.  Gamache is **GRANTED leave to amend** her complaint within thirty days from the entry of this order.  Failure to file an amended complaint within thirty days will result in dismissal without prejudice for failure to prosecute.

Defendants' motion for summary judgment with respect to qualified immunity (Dkt. 14) is renoted to November 20, 2015.

Dated this 26th day of October, 2015.

BENJAMIN H. SETTLE  
United States District Judge