UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE GAMACHE,

        Plaintiff,

  v.

EDWARD BYLSMA, et al.,

        Defendants.

CASE NO. C15-5154 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, REQUESTING ADDITIONAL BRIEFING, AND RENOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Edward Bylsma, Robin Yakhour, Craig Randall, Russ Bradseth, Barry Folsom, John Doe, Richard/Rachel Roe(s), and Clark County's ("Defendants") motion for summary judgment (Dkt. 14), and Plaintiff Christine Gamache's ("Gamache") motion for extension of time (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Gamache's motion, requests additional briefing, and renotes Defendants' motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 13, 2015, Gamache filed a pro se 42 U.S.C. § 1983 complaint against Defendants. Dkt. 1. Among other things, Gamache alleges Clark County police officers violated her constitutional rights by arresting her without probable cause on January 8, 2013 and July 16, 2013. Dkt. 24 ("Comp.") ¶ 60.

On August 28, 2015, Defendants moved for summary judgment. Dkt. 14. Gamache did not file a response. On October 26, 2015, the Court issued an order construing Defendants' motion in part as a motion to dismiss for failure to state a claim and in part as a motion for summary judgment on qualified immunity. Dkt. 19 at 5. The Court dismissed some of Gamache's claims and granted Gamache leave to amend. *Id.* at 8–12. The Court also issued a *Rand* notice and renoted Defendants' motion for summary judgment to November 20, 2015. *Id.* at 12–14.

On November 17, 2015, Gamache responded to Defendants' motion. Dkt. 20. On November 20, 2013, Defendants replied.[1] Dkt. 22. On November 26, 2015, Gamache filed an amended complaint. Comp.

---

[1] Defendants ask the Court to not consider Gamache's response because she did not file it by November 16, 2015. Dkt. 22 at 2. Gamache says she experienced technical difficulties electronically filing her response on November 16, 2015, and was not able to upload her response until the following morning. Dkt. 23 at 2. Gamache is appearing pro se, and Defendants have not shown any prejudice resulting from the minimal delay. The Court therefore grants Gamache's motion for an extension of time (Dkt. 23), and will consider Gamache's response.

## II. DISCUSSION

Gamache alleges Clark County police officers violated her Fourth Amendment rights by arresting her without probable cause. *Id.* ¶ 60. Defendants argue the officers are entitled to qualified immunity. Dkt. 14 at 12–18.

In the arrest context, the qualified immunity analysis involves two inquiries: "(1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for the arrest." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner v. City & County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001). "The analysis involves both the facts and the law. The facts are those that were known to the officer at the time of the arrest. The law is the criminal statute to which those facts apply." *Rosenbaum*, 663 F.3d at 1076.

Gamache was arrested on two different occasions for two different crimes. The parties, however, do not specifically and thoroughly discuss the circumstances of each individual arrest in their briefing. The Court therefore requests additional briefing on (1) the facts and law regarding the arrest on January 8, 2013, and (2) the facts and law regarding the arrest on July 16, 2013. The parties should simultaneously file opening briefs addressing these issues by January 4, 2016. The parties should file responsive briefs by January 11, 2016.

# III. ORDER

Therefore, it is hereby **ORDERED** that Gamache's motion for extension of time (Dkt. 23) is **GRANTED**. The Court requests additional briefing on the issues discussed herein. Defendants' motion for summary judgment (Dkt. 14) is renoted to January 11, 2016.

Dated this 22nd day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge