1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE GAMACHE,

               Plaintiff,

    v.

EDWARD BYLSMA, et al.,

               Defendants.

CASE NO. C15-5154 BHS

ORDER

This matter comes before the Court on various motions from the parties (Dkts. 53, 58, 59, 63).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On March 13, 2015, Plaintiff Christine Gamache ("Gamache") filed a 42 U.S.C. § 1983 suit against Defendants Edward Bylsma, Robin Yakhour, Craig Randall, Russ Bradseth, Barry Folsom, John Doe, Richard/Rachel Roe(s), and Clark County (collectively "Defendants").  Dkt. 1.  Gamache alleges violations of her First, Fourth, and Fourteenth Amendment rights, as well as § 1983 claims for wrongful arrest, malicious prosecution, conspiracy, negligence, and municipal liability.  Dkt. 24 ("Comp.") ¶¶ 14–

52, 56–73.  Gamache also brings state law claims for trespass, assault, battery, false imprisonment, menacing, negligence, and interference with personal property.  *Id.* ¶ 54.

On August 28, 2015, Defendants moved for summary judgment.  Dkt. 14. Gamache did not file a response.  On October 26, 2015, the Court construed Defendants' motion in part as a motion to dismiss and in part as a motion for summary judgment. Dkt. 19.  The Court granted Defendants' motion to dismiss on some of Gamache's claims and granted Gamache leave to amend.  *Id.*  The Court also issued a *Rand* notice and renoted Defendants' summary judgment motion to November 20, 2015.  *Id.*

On November 17, 2015, Gamache responded to Defendants' summary judgment motion.  Dkt. 20.  Gamache also filed an amended complaint on November 26, 2015. Comp.  On February 19, 2016, the Court granted summary judgment on Gamache's unlawful arrest claim.  Dkt. 47.

On March 31, 2016, Defendants filed a second motion for summary judgment on Gamache's remaining claims.  Dkt. 53.  On May 2, 2016, Gamache moved to continue Defendants' motion.  Dkt. 59.  On May 5, 2016, Defendants responded.  Dkt. 61.

On May 2, 2016, Gamache moved to compel discovery.  Dkt. 58.  On May 3, 2016, Defendants responded.  Dkt. 60.  Gamache did not file a reply.

On June 2, 2016, Defendants moved for a limited extension of the discovery deadline.  Dkt. 63.  Gamache did not file a response.

# I. DISCUSSION

**A.     Gamache's Motion to Compel**

Gamache asks the Court to compel Defendants to disclose the identities of the John Doe defendants named in Gamache's complaint.  Dkt. 58.  Defendants oppose the motion, arguing Gamache has not served any discovery requests or made any effort to request such information from Defendants.  Dkt. 60 at 2.  Defendants also state that they do not know the identities of the unnamed parties.  *Id.*

If an opposing party fails to respond to a discovery request, a party may file a motion to compel disclosure or discovery.  Fed. R. Civ. P. 37(a).  Before doing so, the requesting party must certify that she has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*

Here, Gamache has failed to show that she has served any discovery requests on Defendants.  If no discovery request has been made, there is no basis for a motion to compel.  *See id.*  It also appears that Gamache has not attempted to confer with Defendants about this discovery issue.  The Court therefore denies Gamache's motion to compel.

**B.     Defendants' Motion to Extend Discovery Deadline**

Defendants seek a limited extension of the discovery deadline to conduct Gamache's deposition on June 21, 2016.  Dkt. 63.  Defendants originally scheduled Gamache's deposition for May 31, 2016, Dkt. 64-1, which was the discovery deadline, Dkt. 45.  Gamache agreed to this date, but was unable to attend the deposition due to a

sick child.  Dkts. 64-2, 64-3.  The parties agreed to reschedule her deposition for June 21, 2016.  Dkt. 64, Declaration of Amanda Migchelbrink ¶ 10.  In an email, Gamache stated that she does not oppose the extension.  Dkt. 64-6 at 2.

After reviewing Defendants' motion, the Court finds good cause for a limited extension of the discovery deadline.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  The discovery deadline is extended to June 21, 2016, for the purposes of conducting Gamache's deposition.

**C.   Defendants' Second Motion for Summary Judgment & Gamache's Motion to Continue**

Defendants move for summary judgment on Gamache's remaining claims.  Dkt. 53.  Gamache, in turn, asks the Court to continue Defendants' motion so that she may obtain evidence to support her retaliation, malicious prosecution, conspiracy, and municipal liability claims.  *See* Dkt. 59 at 4.  Gamache did not provide a substantive response to Defendants' motion.  *See generally id.*

Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."  *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).  To obtain a continuance, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."  *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Additionally, the requesting party must show it was diligent in pursuing discovery.  *Pfingston v. Ronan Engineering Co.*,

1   284 F.3d 999, 1005 (9th Cir. 2002).  Failure to comply with these requirements is a

2   proper ground for denying the motion to continue and proceeding to summary judgment.

3   *Fam. Home*, 525 F.3d at 827; *Pfingston*, 284 F.3d at 1005.

4        Gamache filed the instant suit on March 13, 2015.  Dkt. 1.  On January 26, 2016,

5   the Court set the discovery deadline for May 31, 2016.  Dkt. 45.  As noted above,

6   Gamache has failed to show she served any discovery requests on Defendants during the

7   discovery period.  *See* Dkt. 61 at 2.  Gamache has also not shown that she has attempted

8   to gather the information she believes she needs to oppose Defendants' second summary

9   judgment motion.  *See* Dkt. 59.  Although Gamache is proceeding pro se, the Court

10  notified Gamache of what she must do in order to oppose a summary judgment motion on

11  October 26, 2015.  Dkt. 19 at 13 ("Gamache cannot simply rely on the assertions

12  contained in her complaint.  Instead, Gamache must set out specific facts in declarations,

13  depositions, answers to interrogatories, or authenticated documents, as provided in Rule

14  [56(c)] . . . .").  Because Gamache has had sufficient time to conduct discovery and has

15  failed to show she has been diligent in doing so, the Court denies Gamache's motion to

16  continue.  *See Pfingston*, 284 F.3d at 1005.

17       Although Gamache's motion to continue is denied, the Court will provide

18  Gamache with the opportunity to substantively respond to Defendants' summary

19  judgment motion.  Gamache's response may include a declaration detailing her version of

20  the facts, as well as any authenticated documents.  *See* Fed. R. Civ. P. 56(c); *see also* Dkt.

21  19 at 12–14.  Gamache may file her response no later than July 11, 2016, and shall

22

1 | provide a copy of any such response to Defendants' counsel by that date.  Defendants

2 | may file a reply by July 15, 2016.

3 | **II. ORDER**

4 | Therefore, it is hereby **ORDERED** that Gamache's motion to compel (Dkt. 58)

5 | and motion to continue (Dkt. 59) are **DENIED**.  Defendants' motion for a limited

6 | extension of the discovery deadline (Dkt. 63) is **GRANTED**.  Defendants' second motion

7 | for summary judgment (Dkt. 53) is renoted for consideration on the Court's July 15, 2016

8 | calendar.

9 | Dated this 17th day of June, 2016.

10

11

12 | BENJAMIN H. SETTLE
United States District Judge

13

14

15

16

17

18

19

20

21

22